IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-00177-RTG

EDELBERTO HERNANDEZ ORIHUELA,

    Petitioner,

v.

TODD M. LYONS, Acting Director, ICE,
ROBER GUADIAN, Field Director, Denver Office, and
JUAN BALTAZAR, Warden,

    Respondents.

## ORDER TO FILE SECOND AMENDED HABEAS APPLICATION

Applicant Edelberto Hernandez Orihuela is an immigration detainee at the ICE Aurora Contract Detention Facility in Aurora, Colorado. Applicant initiated this action *pro se* on January 15, 2026 by filing a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 1). In response to an Order Directing Petitioner to Cure Deficiencies (ECF No. 3), he paid the $5.00 filing fee and submitted an (amended) Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. 2241 on the court-approved form. (*See* ECF Nos. 4 & 7).

The Court must construe Applicant's pleadings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the following reasons, Applicant will be ordered to file a second amended application.

1

I.  **Background**

Applicant alleges he is a citizen of Cuba who entered the United States on August 23, 2004 "via I-94 (Parole)." (ECF No. 7 at 2). He received a "green card" and became a permanent resident in 2005. (*Id.*). In 2013, Applicant was convicted and imprisoned for a drug offense. (*Id.*). He was released to ICE supervision in 2016. (*Id.*). Applicant was arrested on September 10, 2025, in Colorado, and was informed that he would be deported to Cuba, even though Cuba had already refused to accept him back in 2017 "when he was in ICE custody for 90 days." (*Id.*). Applicant alleges that he has not been charged with violating the conditions of his ICE supervision but has been arrested because he is a "non-citizen" with a prior criminal record. (*Id.* at 3). Applicant alleges that he was interviewed by an immigration officer regarding his request for asylum on December 31, 2025, but his request was denied. (*Id.*). Applicant claims that his ongoing detention since September 2025 violates his Fifth Amendment due process rights because he was not removed during the 90-day removal period and his removal is not "significantly likely in the reasonably foreseeable future." (*Id.* at 4). Applicant states that he is not a flight risk or a danger to the community. (*Id.*). For relief, Applicant seeks an order directing Respondents to show cause why the writ should not be granted, and if they fail to do so, "immediate release from custody." (*Id.* at 7).

II. **Discussion**

Habeas corpus relief is warranted only if Applicant "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Under Habeas Rules 2(c)(1) and 2(c)(2), Applicant must identify the specific federal claim he is asserting, and he must provide specific factual allegations in support

2

of the claim. The Habeas Rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" *Id.* at 656 (quoting 28 U.S.C. § 2243). Naked allegations of constitutional violations are not cognizable in a habeas corpus action. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

The detention of noncitizens within the United States is governed by 8 U.S.C. § 1226 and 8 U.S.C. § 1231. Section 1226 grants authority to detain noncitizens prior to entry of a final order of removal, while § 1231 authorizes detention during the removal period that commences after entry of a final order of removal. The removal period begins on the latest of the following dates:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

Under § 1226, the Attorney General may arrest and detain a noncitizen pending a decision on whether the noncitizen is to be removed from the United States ("the pre-removal period"). During this pre-removal period, a noncitizen has the right under § 1226(a) to a hearing before an Immigration Judge to determine whether he or she

should be released on bond during the removal process. In *Nielsen v. Preap*, 586 U.S. 392, 397 (2019), the Supreme Court stated that if an alien is detained under §1226(a):

> he may seek review of his detention by an officer at the Department of Homeland Security and then by an immigration judge (both exercising power delegated by the Secretary), see 8 CFR §§ 236.1(c)(8) and (d)(1), 1003.19, 1236.1(d)(1) (2018); and the alien may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community. See §§1003.19(a), 1236.1(d); Matter of Guerra, 24 I. & N. Dec. 37 (BIA 2006).

*Id. at* 397.

Once an order of removal becomes administratively final, however, the Attorney General's authority to detain a noncitizen is governed by 8 U.S.C. § 1231, which provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days," a period referred to as the "post-removal period." 8 U.S.C. § 1231(a)(1)(A). The statute permits the Attorney General to continue detention during the post-removal period if the noncitizen is inadmissible, criminal, or a threat to society or unlikely to comply with the order of removal. 8 U.S.C. § 1231(a)(6). The Supreme Court has interpreted § 1231 as incorporating implied limits on the amount of time a noncitizen may be detained pending removal. *See Zadvydas v. Davis,* 533 U.S. 678, 689 (2001) (stating that § 1231 "read in light of the Constitution's demands . . . does not permit indefinite detention"). In *Zadvydas,* the Supreme Court held that § 1231 "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal," and such detention only can continue so long as removal is "reasonably foreseeable." *Id.* at 689-89. The Supreme Court set forth a post-removal detention period of six months as "presumptively reasonable." *Id.* at 700-01. After the six-month period has elapsed, "once

4

the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701.

Here, it is unclear from Applicant's allegations whether he is subject to a final order of removal. If Applicant is subject to a final order of removal, his detention since September 10, 2025, which is less than six months, is "presumptively reasonable" under *Zadvydas.* Conversely, if Applicant is not subject to a final order of removal, he should clarify whether he is seeking a bond hearing under § 1226(a). Applicant is directed to file a second amended habeas application that clarifies his removal status and clearly pleads a cognizable federal claim.

Accordingly, it is

ORDERED that Applicant shall file, **within thirty (30) days from the date of this order**, a second amended habeas application providing a clear statement of the federal claims he is asserting and the facts supporting those claims. It is

FURTHER ORDERED that the clerk of the court shall send Applicant a copy of the court-approved form Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. It is

FURTHER ORDERED that if Applicant fails to file a second amended habeas application as directed within the time allowed, the action may be dismissed without further notice.

DATED March 3, 2026.

BY THE COURT:

*Richard T. Gurley*

Richard T. Gurley
United States Magistrate Judge